IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MID-STATE TRUST X and GREEN TREE SERVICING LLC<br>Plaintiffs,<br><br>v.<br><br>JOHNNY CROWSON,<br>Defendant/Third Party Plaintiff<br><br>v.<br><br>JIM WALTER HOMES, INC. and MID-STATE HOMES, INC.<br>Third Party Defendants. | Case No. 4-03-CV-485-JMM |

## JUDGMENT AND DECREE OF FORECLOSURE

On this day this case came on to be heard and, pursuant to this Court's Order entered March 6, 2012 [Doc. 9], and the arbitrator's award attached to the Motion to Reopen Case to Enforce Arbitrator's Award [Doc. 8], the Court finds and orders as follows:

1. This Court has jurisdiction over the parties and this matter and venue is proper in this district.

2. On or about March 26, 2001, Defendant Johnny Crowson executed and delivered to Jim Walter Homes, Inc. ("JWH") that promissory note (the "Note") in the original principal amount of $295,200.00. Plaintiffs are the current owners and holders of the Note.

3. To secure payment of the indebtedness evidenced by the Note, Defendant Johnny Crowson executed, acknowledged and delivered to JWH that Mortgage (the

"Mortgage") dated March 26, 2001 covering certain real property and improvements, including the following real property located in Saline County, Arkansas:

THAT PORTION OF THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 18, TOWNSHIP 2 SOUTH, RANGE 14 WEST, SALINE COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF SAID WEST HALF OF THE NORTHWEST QUARTER, THENCE S 00°00'00" W 1265.01 FEET; THENCE N 90°00'00" E 20.00 FEET TO THE EAST LINE OF CANTERBURY ROAD; THENCE N 90°00'00" E 154.93 FEET TO THE POINT OF BEGINNING; THENCE N 90°00'00" E 194.18 FEET; THENCE S 01°15'18" E 71.47 FEET; THENCE S 89°34'10" W 113.81 FEET; THENCE S 00°13'08" E 173.37 FEET TO THE NORTH LINE OF SILICA HEIGHTS ROAD; THENCE N 58°09'44" W 28.28 FEET ALONG SAID NORTH LINE OF SILICA HEIGHTS ROAD; THENCE N 60°28'23" W 84.57 FEET ALONG SAID NORTH LINE OF SILICA HEIGHTS ROAD, DEPARTING FROM SAID NORTH LINE OF SILICA HEIGHTS ROAD, THENCE N 04°32'18" E 189.68 FEET TO THE POINT OF BEGINNING, CONTAINING 0.64 ACRES.

4. The property covered by the foregoing Mortgage is hereinafter referred to as the "Property."

5. The Mortgage, after being duly executed and acknowledged, was filed for record in the Office of the Circuit Clerk and Ex-Officio Recorder of Saline County, Arkansas on April 16, 2001 and recorded in Document Book 01, Page 22047. Plaintiffs are the current owners of the Mortgage.

6. The Mortgage contains a waiver of all rights of appraisement, appraisal, sale, redemption, dower, curtesy and homestead under the laws of the State of Arkansas and especially under the Act approved May 8, 1899, and Acts amendatory thereto.

7. Defendant Johnny Crowson defaulted in the payments due under the Note. Pursuant to the arbitrator's award, as a result of such default, Plaintiffs are entitled

to recover judgment against Defendant Johnny Crowson, in the amount of $106,650.00 as of December 11, 2011, together with interest on the foregoing amount at the rate of 8.5% per annum from and after December 11, 2011. In addition, pursuant to the arbitration award, Plaintiffs are entitled to recover from Defendant Johnny Crowson the sum of $812.50 in reimbursement of a portion of the arbitration costs.

8. Plaintiffs have a lien on the Property which is first, paramount and prior to the right, title, claim, lien and interest of all others. Plaintiffs' right to foreclose has become absolute.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

A. Plaintiffs shall have and recover judgment against Defendant Johnny Crowson and *in rem* against the Property, in the amount of $106,650.00, as of December 11, 2011, together with interest at the rate of 8.5% per annum, equal to a daily amount of $25.18 per day from December 11, 2011, to the date of this Judgment together with the additional sum of $812.50. Interest shall accrue on the amounts awarded pursuant to this Judgment at the rate of .18% per annum.

B. That the judgment described in paragraph (A) above and the Mortgage constitute the first and prior liens upon the Property and are superior to all other interests held or claimed in and to the Property including without limitation, any and all interests claimed by the Defendant, all rights or possibilities of dower or homestead, appraisement, any rights of redemption and the rights of any and all persons claiming under the Defendant.

C.   In the event the foregoing sums are not paid within ten (10) days from the date of this Judgment, the Circuit Clerk of Saline County, Arkansas, who is hereby appointed Commissioner, shall sell the Property at the door of the Saline County Courthouse in Benton, Arkansas, at public auction, to the highest bidder, the date and hour of such sale to be fixed by said Commissioner. Upon such sale all rights, titles, interests, estates and equity or possibilities of dower, redemption, curtesy, homestead or appraisement of the Defendant in the Property, or any one claiming by, through or under him shall be foreclosed and forever barred.

D.   The Commissioner will give notice of such sale once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Saline County, Arkansas, where the Property is situated.

E.   The Property shall be sold on a credit of thirty (30) days. The purchaser on the date of sale shall be required to pay the full purchase price or pay ten (10) percent of the purchase price which is non-refundable and execute a bond, with a commercial corporate surety or other security satisfactory to the Commissioner, bearing interest from the date of sale in the amount of the remainder of the purchase price until paid at the rate of five and three-quarters percent (5.75%) per annum, the payment of said purchase price to be secured by a lien upon the purchased property; provided, however, that if the Plaintiffs, or their assigns, become the purchaser at the sale for an amount not in excess of their judgment and interest, in lieu of giving bond, they may credit the amount of its bid on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of their judgment to the extent of such credit; and provided further that if its bid shall exceed the amount of the Judgment and interest they should be required to give bond only for the overplus. Any such overplus from the

4

sale of the Property, over and above the Plaintiffs' Judgment and interest shall be paid over to the registry of the court and anyone who claims an equitable or legal interest in and to all or a portion of the overplus shall petition the Court for a determination of each party's priority of interest and aliquot shares or proration, if any, thereunto said surplus. Should any successful bidder fail to perform under the instructions of the Commissioner at time of sale, then that bid shall be void and set aside. The Commissioner thereafter shall find that the Property be awarded to the next successive higher bidder, until performance is rendered.

F. Such sale of the Property shall constitute a permanent bar to and shall foreclose all rights of redemption, dower, curtesy, homestead and appraisement and all other right, title, claim and interest in the Property which Defendant, as well as his heirs, personal representatives, successors or assigns or anyone claiming by, through or under the foregoing, may claim with respect to the Property.

G. The Commissioner will report to the Court all actions taken hereunder.

H. In the event the Judgment herein awarded is not paid as directed and the Property is sold by the Commissioner at a foreclosure sale, then upon application to the Clerk of this Court by the successful foreclosure sale purchaser, or the purchaser's attorney, showing that the possession of the purchased property has been withheld from such purchaser, the Clerk will issue and deliver forthwith to the Sheriff of Saline County, a Writ of Assistance to enforce delivery of possession of the purchased property to the purchaser.

I. The Third-Party Complaint of Defendant Johnny Crowson is hereby dismissed with prejudice.

IT IS SO ORDERED.

5

_____
JAMES M. MOODY
UNITED STATES DISTRICT JUDGE

DATE: 3/14/2012

6